61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James F. GLASS, Sr., Petitioner/Appellant,
v.
Jack R. DUCKWORTH, Superintendent, Respondent/Appellee.
 No. 94-3035.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.*
Decided July 25, 1995.
Rehearing Denied August 23, 1995.
 
 Before POSNER, Chief Judge, and PELL, and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 James F. Glass, Sr., appeals the district court's decision to deny his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. For the reasons stated by the district court in the attached order, we affirm.
 
 
 2
 On appeal, Glass has filed a motion entitled, "Motion for Direct Verdict/or in the Alternative Motion for Summary Judgment and Immediate Release." In the motion Glass contends that he should be excused from the doctrine of abuse of the writ because his trial counsel was ineffective. Glass is mistaken. The performance of Glass's trial counsel has no bearing on why Glass did not raise all his constitutional claims in his first petition and therefore does not excuse their omission. See McCleskey v. Zant, 499 U.S. 467, 494 (1991). The motion is denied. The judgment of the district court is
 
 
 3
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 4
 James Glass, Sr., Petitioner,
 
 
 5
 v.
 
 
 6
 Jack Duckworth, Superintendent, Respondent.
 
 Cause No. IP 93-1482-C
 
 7
 ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
 
 DIRECTING ENTRY OF JUDGMENT
 
 8
 TINDER, District Judge.
 
 
 9
 This cause is before the Court on the petition of James F. Glass, Sr. for a writ of habeas corpus, on the respondent's motion to dismiss and on the petitioner's response to the motion to dismiss.
 
 
 10
 Whereupon the Court, having read and examined such petition, motion and response, and being duly advised, now makes the following findings and ruling:
 
 
 11
 1. Petitioner Glass is an inmate at the Indiana Reformatory serving a 40-year sentence imposed on March 23, 1988 by the Marion County Superior Court, Criminal Division, following his trial by jury and conviction for murder. Other facts pertinent to his conviction and the challenges thereto in the Indiana courts are found in Judge Dillin's decision in Glass v. Duckworth, No. IP 92-44-C (S.D.Ind. August 10, 1992) (Glass I ).[1]
 
 
 12
 2. The record in Glass I has been examined in conjunction with this case. It shows that the petition in that case was filed on January 14, 1992. At the time Glass I was decided, the petitioner's conviction had been affirmed on direct appeal. Glass v. State, No. 49A02-8901-CR-28 (Ind.App. June 28, 1989).
 
 
 13
 3. Glass filed a petition for post-conviction relief on April 23, 1990. Relief was denied by the trial court on October 17, 1991 and this denial was affirmed on appeal in Glass v. State, No. 49A02-9110-PC-478 (Ind.App. August 5, 1992).
 
 
 14
 4. As the foregoing demonstrates, the trial court's decision on the post-conviction petition was issued six (6) weeks before the petition in Glass I was even filed. The appeal from that decision remained pending while Glass I was being briefed and was decided just five (5) days before the decision in Glass I.[2]
 
 
 15
 5. None of the claims asserted here were included in Glass I. The claims in this case parallel those present in the post-conviction action. This case, therefore, is a second petition rather than a successive petition.
 
 
 16
 6. In a Notice issued January 26, 1994, the Court notified Glass pursuant to McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991), that
 
 
 17
 the respondent has established with clarity and particularity his petition's prior writ history, has identified the claims that appear for the first time and alleges that petitioner has abused the writ. The burden to disprove abuse is now his. To excuse his failure to raise a claim earlier, he must show cause for failing to raise it and prejudice therefrom or that a fundamental miscarriage of justice would result from a failure to entertain the claim. Id.
 
 
 18
 7. Glass acknowledges the foregoing in his reply and seeks to meet the burden under McCleskey by arguing that (i) he did not receive the effective assistance of counsel at trial or on appeal and (ii) the fundamental miscarriage of justice exception applies because he is innocent.[3]
 
 
 19
 8. What is evident, however, is that Glass pursued in Glass I the claims which had been exhausted in his direct appeal, that the claims here could not have been included in Glass I because at the time they had not been fully presented to and considered by the Indiana courts and that the claims here arrive only after exhaustion in the state courts through the post-conviction action. This is a flagrant and transparent abuse of the writ.
 
 
 20
 9. McCleskey was a reminder of the limitation which Congress has placed on second and successive habeas petitions. 28 U.S.C. Sec. 2244(b). It did not "change" the law; it merely fortified the abuse of the writ doctrine. Justice O'Connor's plurality opinion in Rose v. Lundy, 455 U.S. 509, 521 (1982), forecast precisely the predicament which Glass now faces:
 
 
 21
 a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.
 
 
 22
 10. Glass could have easily avoided this dilemma by delaying his filing in Glass I until after the post-conviction action had been concluded (assuming as we now know that it was resolved adverse to his position).[4] There are no circumstances apparent now which suggest that he can do anything but reap the harvest of that decision--barren as that may be.
 
 
 23
 11. The first reason asserted as a way to pass the hurdle of McCleskey is really just a statement of his claims--that he was denied the effective assistance of counsel in the Indiana courts. This position has nothing to do with whether and when he decided to seek federal habeas relief.
 
 
 24
 12. The second pass Glass makes at McCleskey is to invoke the rarely successful miscarriage of justice exception. This applies where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). See Sawyer v. Whitley, 112 S.Ct. 2514, 2519 (1992) ("A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime."). The petitioner does not make a coherent claim of this nature. Even if such a claim was made, however, Glass I 's summary of the evidence entirely fails to support an inference that Glass was "actually innocent" of the murder of Robert Harrington. The "miscarriage of justice" doctrine, by its very nature, serves as the last line of defense against a fundamentally unjust incarceration. There is no basis on which to discern or conclude that the petitioner here is innocent of that murder. The only concrete argument which Glass makes is that he was denied a fair trial. This will not suffice, since the amorphous concept of "fundamental fairness" does not fulfill the "cause and prejudice" standard. Baskin v. Clark, 956 F.2d 143, 145 (7th Cir.1992).
 
 
 25
 13. Glass has abused the writ by not presenting all the claims challenging his present conviction and sentence in a single proceeding. This abuse is unexcused. The Court therefore declines to consider the merits of the present claims and grants the respondent's motion to dismiss. Judgment consistent with this Entry shall now issue.
 
 
 26
 ALL OF WHICH IS ORDERED this 7th day of July 1994.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Previous habeas petitions brought by Mr. Glass, docketed as No. IP 91-342-C and No. IP 90-1935-C, were dismissed without prejudice for failure to exhaust available state remedies. Those actions are not involved in this case
 
 
 [2]
 Glass I was appealed and docketed in the Seventh Circuit as No. 92-3034. A motions panel denied Glass' request for the issuance of a certificate of probable cause on October 6, 1992. This prevented the appeal from going forward. See 28 U.S.C. Sec. 2253
 
 
 [3]
 It should be noted that Glass devotes 4 1/2 pages of his response to at least the semblance of a discussion under McCleskey. The remainder of his 19-page response is devoted to a premature discussion of the merits of his claims--premature in the sense that if he has abused the writ the merits will not actually be reached
 
 
 [4]
 Glass was alerted to the danger of proceeding in Glass I. In his Entry of January 28, 1992, Magistrate Judge Endsley noted:
 The Supreme Court has given new emphasis and clarity to the problem of successive habeas corpus petitions. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). If the petitioner contemplates a future challenge under Sec. 2254(a) on the same grounds as asserted in the pending postconviction action he will certainly face a substantial defense of "abuse of the writ." It ill-serves the petitioner's interests or that of the state or the federal courts to permit him, through inadvertence, to fall blindly into this dilemma.
 Therefore, before greater resources of time and effort are invested into the present action the petitioner should be notified of the potential outlined here if he contemplates future challenge to his convictions for the reasons not asserted in this petition.
 Glass responded to this notice in two ways. He first wrote a letter to Judge Endsely on January 31, 1992 stating, in part: "I would appreciate it if you file my petition right away. I have examine[d] your entry and it doesn't have any thing to do with my petition." This was followed with a "motion to let the court know that petitioner wish[es] to proceed on with the writ of habeas corpus." Although the title says it all, the body of that motion contains the assurance from Glass that the issues in his post-conviction petition (which had recently been denied and was being appealed) "are new issues, therefore, will be entitle[d] to Federal review after Petitioner exhaust[s] State remed[ies]." The plan, therefore, was obvious: to approach the federal collateral challenges to the state conviction in a piecemeal fashion. The result is equally obvious: the new claims are barred unless excused under McCleskey. Glass should have taken the hint.